ROBERT P. SMITH, Jr., Judge.
The Department of Revenue appeals from a circuit court judgment holding that appellees’ several construction contract transactions — contractor Renel’s agreement to build a courthouse for Broward County and several contractors’ agreements to build sewer systems for Miami-Dade-are not “lump sum” construction contracts under Rule 12A-1.51(2)(a), Fla.Admin. Code, but are instead subsection (d) contracts to sell specifically described and itemized materials and supplies at an agreed price and to complete the construction work for an additional agreed price.
*1080 The trial court’s classification of these contracts causes the sales tax prescribed by Chapter 212, Florida Statutes (1979), to fall on the contractors’ “sale” of the public work to the owner, rather than on the prior sale of the construction components to the contractor. The last sale in these instances are tax exempt because the owner of the work, the subject of the construction agreement, was a public body exempt from the sales tax. Whatever may have been the case were these transactions judged exclusively by the language of Section 212.08(6), the Department has interpretive authority and has interpreted the statute, by the subject rule, in a restrictive but permissible way. Unless and until the Rule is changed we should defer to the interpretation it expresses. The exhibited contracts obviously were drawn with precise attention to and compliance with the interpretive language of the Rule which taxes the sale to the contractor when the contractor contracts with the owner as described in subpara-graph (a) and which taxes the sale by the contractor (unless the owner is exempt) when the construction contract is as described in subparagraph (d):
(a) Contracts in which the contractor or subcontractor agrees to furnish materials and supplies and necessary services for a lump sum;

(d) Contracts in which the contractor or subcontractor repairs, alters, improves or constructs real property and wherein he agrees to sell specifically described and itemized materials and supplies at an agreed price or at the regular retail price and to complete the work either for an additional agreed price or on the basis of time consumed.
The trial court’s judgment is
AFFIRMED.
BOOTH and SHAW, JJ., concur.